IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY GONZALES,<br>    ID # 01092926,<br>        Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:24-CV-175-S-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody, filed on January 24, 2024. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition with prejudice.

## I. BACKGROUND

Bobby Gonzales, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas petition under 28 U.S.C. § 2254 challenging two 1982 convictions and concurrent 30-year sentences in Dallas County, Texas. (*See id.* at 2.)[2] He names a Director of the TDCJ-CID as the respondent ("State"). (*See id.* at 1.) Gonzales is currently serving a life sentence in the TDCJ-CID on a 2002 murder conviction in Dallas County. (*See* Dkt. No. 17-1 at

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

5-8); *State v. Gonzales*, No. F01-56584-MS (282nd Jud. Dist. Ct., Dallas Cnty., Tex. Mar. 21, 2002).

In 1982, Gonzales pled guilty to two charges of aggravated robbery in Cause No. F82-77115-JK and Cause No. F82-77116-JK in Criminal District Court No. 4 of Dallas County, Texas. (*See* Dkt. No. 15-6 at 3-4, 7; Dkt. No. 15-14 at 3-4, 6); *State v. Gonzales*, Nos. F82-77115-JK, F82-77116-JK (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. Sept. 7, 1982). On September 7, 1982, that state court sentenced him to 30 years' imprisonment on each charge, to be served concurrently. (*See* Dkt. No. 15-6 at 7; Dkt. No. 15-14 at 6.) He did not appeal his 1982 convictions. (*See* Dkt. No. 3 at 3.) Gonzales discharged his sentences on the 1982 convictions on April 19, 2014. (*See* Dkt. No. 17-1 at 20-21.)

In January 2019, Gonzales filed his first pair of state habeas applications challenging the 1982 convictions. (*See* Dkt. No. 15-6 at 8-25; Dkt. No. 15-14 at 7-24.) The Texas Court of Criminal Appeals ("TCCA") denied the applications without written order on June 5, 2019. (*See* Dkt. Nos. 15-8, 15-16); *Ex parte Gonzales*, No. WR-59,274-03 (Tex. Crim. App. June 5, 2019); *Ex parte Gonzales*, No. WR-59,274-04 (Tex. Crim. App. June 5, 2019). Gonzales filed a second pair of state habeas applications challenging the 1982 convictions, and the TCCA dismissed them without written order as subsequent applications on May 10, 2023. (*See* Dkt. No. 15-23 at 4-22; Dkt. No. 15-24; Dkt. No. 15-31 at 4-22; Dkt. No. 15-32); *Ex parte*

*Gonzales*, No. WR-59,274-06 (Tex. Crim. App. May 10, 2023); *Ex parte Gonzales*, No. WR-59,274-07 (Tex. Crim. App. May 10, 2023).

Gonzales now challenges his 1982 convictions under § 2254 on the following grounds:

(1)  Convictions void due to improper juvenile transfer hearing, invalid transfer order and void indictments in court that lacked jurisdiction to convict juvenile as adult;

(2)  Convictions void as juvenile was not afforded an examining trial as mandated by statute.  Therefore indictments are void in district court that lacked jurisdiction over juvenile;

(3)  Due process was violated as juvenile was induced to plead guilty in adult district court to void indictments where court lacked proper jurisdiction over juvenile; and

(4)  Counsel was ineffective in deficient advi[c]e to juvenile to accept plea bargain in court lacking jurisdiction over juvenile and his deficient performance prejudiced petitioner.

(Dkt. No. 3 at 6-7 (capitalization altered).)  The State filed a response on May 10, 2024.  (*See* Dkt. No. 17.)  Gonzales filed a reply on June 3, 2024.  (*See* Dkt. No. 19.)

## II.  JURISDICTION

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018).  A petitioner need not be physically confined pursuant to the

3

challenged conviction and may satisfy this "in custody" requirement "if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979).

Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction"—such as its use to enhance a subsequent sentence not challenged in the § 2254 petition—"are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. 2017) (unpublished) ("If the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition."). Relatedly, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). When a petitioner fails to satisfy the "in custody" requirement under the challenged conviction, the court lacks jurisdiction to consider a collateral attack on that conviction. *See, e.g., Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *3 (N.D. Tex. Aug. 29, 2016), *rec. adopted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

Here, in each of his grounds for relief, Gonzales contends that he is suffering "collateral consequences from the instant [1982] convictions" because they were used to enhance his punishments on a subsequent 1993 criminal case and the 2002 life sentence for murder that he is currently serving.[3] (Dkt. No. 3 at 6-7.) The State's evidence shows, however, that Gonzales's 30-year sentences on his 1982 convictions completely expired on April 19, 2014, and Gonzales does not provide any evidence showing otherwise. (*See* Dkt. No. 17-1 at 20-21.) Moreover, the 1982 convictions are "no longer open to collateral attack in [their] own right" given that the applicable statute of limitations on those convictions expired years ago, as the Court explains further below. *Coss*, 532 U.S. at 403.

As such, Gonzales's expired 1982 convictions are conclusively valid, and he does not satisfy the "in custody" requirement as to those convictions for purposes of § 2254.[4] *See Acosta*, 2017 WL 4574617, at *1. The Court therefore lacks jurisdiction

---

[3] Gonzales does not challenge his 1993 conviction or 2002 conviction in this § 2254 action. (*See* Dkt. No. 3 at 2.) Instead, he expressly seeks to vacate his expired convictions "so that he can pursue to overturn his 1993 and the 200[2] current conviction." (*Id.* at 7.) He does not appear to have exhausted any available state remedies on his 1993 conviction, and his prior § 2254 petitions challenging his 2002 conviction were unsuccessful. *See Gonzales v. Thaler*, No. 3:10-CV-1043-B, Dkt. Nos. 14-16 (N.D. Tex. Jan. 21, 2011); *Gonzales v. Dretke*, No. 3-05-CV-1777-N, 2006 WL 1737847 (N.D. Tex. June 23, 2006). In light of his statement and because his 1993 conviction is, at minimum, unexhausted, and he has not received authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2254 petition challenging his 2002 conviction, the Court does not construe the petition as challenging either of his subsequent convictions. *See Coss*, 532 U.S. at 401-02.

[4] Gonzales has not shown that any of the limited exceptions to the rule of conclusive validity of an expired sentence applies in this case. *See Coss*, 532 U.S. at 404-06; *Gideon v. Wainwright*, 372 U.S. 335 (1963).

over Gonzales's current challenges to his expired 1982 convictions, and it should dismiss the petition on this basis.

### III.  STATUTE OF LIMITATIONS

Alternatively, even if the Court assumes that Gonzales could be "in custody" pursuant to the challenged 1982 convictions for purposes of § 2254, his habeas petition is barred by the applicable statute of limitations.  *See Wiley v. McClane*, No. 7:22-CV-065-O, 2023 WL 8243036, at *5-7 (N.D. Tex. Nov. 28, 2023) (alternatively dismissing § 2254 petition challenging discharged convictions as barred by the statute of limitations).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal habeas petitions filed after its effective date of April 24, 1996. *See* AEDPA, Pub. L. 104–132, 110 Stat. 1217-1221; *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Gonzales's 1982 convictions became final no later than October 7, 1982, when the 30-day period to file a direct appeal expired.[5]  *See, e.g.,* Tex. R. App. P. 26.2.

When a conviction becomes final before the AEDPA's April 24, 1996 effective date, as here, the petitioner has a one-year grace period following that date in which to file a federal habeas petition.  *See Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000).  Because the AEDPA's one-year period of limitations does not apply prior to its effective date, Gonzales is entitled to the one-year grace period ending on April 24, 1997—absent any applicable tolling—within which to file a timely federal habeas petition.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

Gonzales does not allege that state action prevented him from filing a § 2254 petition earlier, nor does he allege any newly recognized constitutional right made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).  The facts supporting his habeas claims became known or could have become

---

[5] In its response, the State erroneously calculated the date Gonzales's conviction became final by using the date of the charged offenses, February 19, 1982, as the date of the judgments, rather than the actual date of the judgments, which was September 7, 1982. (*Compare* Dkt. No. 17 at 7 *with* Dkt. No. 15-6 at 7, Dkt. No. 15-14 at 6.)  The Court calculates the date Gonzales's conviction became final based on the correct judgment date of September 7, 1982.

known prior to the AEDPA's enactment on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1)(D). Because he filed his § 2254 petition over 26 years after the one-year grace period expired, his § 2254 petition is untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period. Further, even if Gonzales did not or could not have known about the facts supporting his habeas claims until 2018, as he alleges, the § 2254 petition was filed over 4 years after the limitations period would have expired, and it therefore is still untimely in the absence of statutory or equitable tolling or an applicable exception to the limitations period. (*See* Dkt. No. 5 at 26 ("Only since 2018 was [Gonzales] able to obtain the documents . . . to determine[ ] that these two 1982 convictions are void.").)

## A.  Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Gonzales did not have any state habeas application pending at the time the AEDPA was enacted, and his first pair of state habeas applications challenging the 1982 convictions after the AEDPA's effective date were filed in January 2019, almost 22 years after the statutory limitations and grace period ended on April 24, 1997. *See Ex parte Gonzales*, No. WR-59,274-03 (Tex. Crim. App. June 5, 2019); *Ex parte Gonzales*, No. WR-59,274-04 (Tex. Crim. App. June 5, 2019). Those state habeas applications therefore do not toll the limitations period under § 2244(d)(2).

*See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the applicable limitations period does not statutorily toll the limitations period).

Additionally, even if Gonzales's one-year limitations period was not triggered until 2018 under § 2244(d)(1)(D), it was statutorily tolled until no later than June 5, 2019, when the TCCA denied without written order his first pair of state habeas applications challenging the 1982 convictions. *See Ex parte Gonzales*, No. WR-59,274-03 (Tex. Crim. App. June 5, 2019); *Ex parte Gonzales*, No. WR-59,274-04 (Tex. Crim. App. June 5, 2019). The one-year limitations period in these circumstances would have expired no later than June 5, 2020, and Gonzales did not file his § 2254 petition until over three years later.[6] (*See* Dkt. No. 3 at 10.) Statutory tolling therefore does not save the petition.

## B. Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 2000) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "'applies principally where [one party] is

---

[6] Because Gonzales's second pair of state habeas applications challenging his 1982 convictions were filed in 2023, after the expiration of the one-year limitations period in the scenario most favorable to Gonzales, they do not toll that limitations period under § 2244(d)(2). *See Scott*, 227 F.3d at 263.

actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Gonzales's pleadings can be liberally construed to argue that equitable tolling is warranted because he lacked knowledge about the alleged violations he now raises in his petition until 2018. (*See, e.g.*, Dkt. No. 5 at 26.) Gonzales's alleged lack of knowledge of his claims over a period of more than 30 years does not justify equitable tolling of his habeas petition, however. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). As such, Gonzales has not met his burden to show that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from timely filing his petition. He therefore is not entitled to equitable tolling.

## C. Actual Innocence

The Supreme Court has held that even when a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a

claim of actual innocence, if proved, can overcome the AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A tenable actual innocence claim "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). It must show that it is more likely than not that no reasonable factfinder would have convicted the petitioner in light of the new evidence and the evidence presented at trial. *See id.*

Gonzales does not allege that he is actually innocent of the conduct underlying his 1982 convictions, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period under the actual innocence exception. His § 2254 petition is therefore untimely, and the Court should dismiss the petition on this alternative basis.[7]

## IV. RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus by a Person in State Custody, filed on January 24, 2024 (Dkt. No. 3), with prejudice for lack of jurisdiction. In the alternative, the Court should **DISMISS** the petition with prejudice as barred by the statute of limitations.

---

[7] Gonzales also appears to argue that the statute of limitations is inapplicable because the challenged judgments are void. (*See* Dkt. No. 19 at 3; Dkt. No. 3 at 6-7.) "Courts in the Fifth Circuit have held that there is no 'void judgment' exception to the statute of limitations in federal habeas proceedings." *Wesley v. Director, TDCJ-CID*, No. 5:24-CV-155-RWS-KNM, 2025 WL 2698118, at *4 (E.D. Tex. Sept. 22, 2025) (citing cases). Gonzales's argument is therefore without merit and does not save the petition.

**SO RECOMMENDED** on March 30, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).