IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY GONZALES, | § | |
| ID # 01092926, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-CV-175-S-BW |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Application to Proceed In Forma Pauperis on appeal, with accompanying certificate of inmate trust account ("CTA"), and Petitioner[']s Request for Certificate of Appeal[a]bility, both received on May 19, 2026.  (Dkt. Nos. 36-37.)  Based on the relevant filings and applicable law, the Court should **DENY** the application to proceed in forma pauperis ("IFP") on appeal and **DENY** the motion for a certificate of appealability.

## I.  BACKGROUND

Bobby Gonzales filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging two 1982 convictions and concurrent 30-year sentences in Dallas County, Texas.  (*See* Dkt. No. 3.)  On April 28, 2026, the Court dismissed the petition for lack of jurisdiction, in the alternative dismissed the petition with prejudice as barred by the statute of limitations, denied a certificate of appealability,

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

and entered judgment. (*See* Dkt. No. 34.) Gonzales now seeks to proceed IFP on appeal and a certificate of appealability. (*See* Dkt. Nos. 36-37.)

## II. IFP ON APPEAL

As noted, Gonzales seeks to proceed IFP on appeal in this case. (*See* Dkt. No. 36.) The Court should deny the request because it should certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that the appeal is not taken in good faith and that it presents no legal points of arguable merit and is therefore frivolous for the reasons set out in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge filed in this case on March 30, 2026. (*See* Dkt. No. 31.) The Court also should deny the request to because Gonzales has not established that he is a pauper under 28 U.S.C. § 1915(a). A review of Gonzales's CTA submitted with the IFP application shows that he has a current balance of $2,012.61 and deposits totaling $1,100.10 over the six months preceding his application, which amounts reflect sufficient funds to pay the applicable filing fees on appeal. (*See* Dkt. No. 36 at 4.)

If the Court denies Gonzales's request to proceed IFP on appeal, Gonzales may challenge the denial by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days after service of the notice required by Fed. R. App. P. 24(a)(4). *See* Fed. R. App. P. 24(a)(5).

## III.  CERTIFICATE OF APPEALABILITY

Gonzales also requests a certificate of appealability, wherein he reasserts the grounds for relief raised in his § 2254 petition.  (*See* Dkt. No. 37.)  Gonzales was previously denied a certificate of appealability on his § 2254 petition by the Judgment dated April 28, 2026, because he failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." (*See* Dkt. No. 34 (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  He is not now entitled to a certificate of appealability on his § 2254 petition for the same reasons.  The Court therefore should deny his request for a certificate of appealability.

## IV.  RECOMMENDATION

The Court should **DENY** the Application to Proceed In Forma Pauperis on appeal, received on May 19, 2026 (Dkt. No. 36), and **DENY** Petitioner[']s Request for Certificate of Appeal[a]bility, received on May 19, 2026 (Dkt. No. 37).

**SO RECOMMENDED** on May 27, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).